# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BARTON PRINCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1700 HEA |
| | ) | |
| UNKNOWN BRADSHAW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's motion for leave to proceed in forma pauperis [Doc. 2]. For the reasons stated below, the Court will grant plaintiff in forma pauperis status and assess an initial partial filing fee of $75.00, which is twenty percent of plaintiff's average six-month deposit. In addition, the Court will (1) dismiss defendants Unknown Bradshaw and Jane Doe; (2) dismiss plaintiff's official-capacity claims against defendants Robert Jerret and Tammy Anderson; and (3) order the Clerk of Court to issue process on the complaint as to defendants Robert Jerret and Tammy Anderson in their individual capacities.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in

the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950-52.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**The Complaint**

Plaintiff, an inmate at the Northeast Correctional Center ("NECC"), brings this action pursuant to 42 U.S.C. § 1983 for alleged Eighth Amendment violations that took place at both NECC and the Eastern Reception Diagnostic and Correctional Center ("ERDCC"). Named as defendants are Unknown Bradshaw (a Corizon and Missouri Department of Corrections ("MDOC") dentist at ERDCC), Jane Doe (a Corizon and MDOC dental assistant at ERDCC), Robert Jerret (a Corizon and MDOC dentist at NECC), and Tammy Anderson (a Corizon

and MDOC medical director at NECC). Plaintiff is suing defendants in both their individual and official capacities.

## Discussion

### I. Defendants Unknown Bradshaw and Jane Doe

Plaintiff states that he is "an elderly man in his 70s." He alleges that, during his incarceration at ERDCC in 2013, he went to defendant Dr. Bradshaw to have a tooth pulled "per plaintiff's request." After the procedure, plaintiff discovered that Dr. Bradshaw "had pulled all of plaintiff's bottom teeth." Plaintiff summarily states, "Doctor Bradshaw was assisted in the dental procedure by his assistant Jane Doe." According to plaintiff, after realizing what had happened, he told Bradshaw and Doe that he was there to only have one tooth pulled, and in response, Doe checked plaintiff's I.D. and said, "Doctor there are two Mr. Prince's here today and we pulled all of the bottom teeth of the wrong prisoner."

Liberally construing the complaint, plaintiff is claiming that defendants Bradshaw and Doe were deliberately indifferent to his serious medical needs, in violation of his Eighth Amendment rights, when they confused him with "the other Mr. Prince" at ERDCC and mistakenly pulled plaintiff's bottom teeth. To state a claim for unconstitutional medical mistreatment, however, a plaintiff must plead

facts sufficient to indicate deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). To show deliberate indifference, a plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). To state a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

In the instant action, there are no allegations of ulterior motives, which, if true, would show that defendants had a culpable state of mind and that their choice of treatment in pulling plaintiff's bottom teeth was intentionally wrong. A mistaken extraction of teeth does not in and of itself establish deliberate indifference, and plaintiff alleges no state of mind that is more blameworthy than negligence, or perhaps gross negligence. *See Gindraw v. Dendler*, 967 F. Supp. 833, 836–38 (E.D. Penn. July 3, 1997) (finding allegation that defendant extracted wrong tooth failed to establish a claim of deliberate indifference). Plaintiff does not allege that defendants knew he was the wrong "inmate Mr. Prince" and knowingly performed an unnecessary dental procedure or that they consciously disregarded a substantial risk of serious harm to him. Plaintiff quotes Jane Doe as stating,

"Doctor there are two Mr. Prince's here today and we pulled all of the bottom teeth of the wrong prisoner," thereby indicating that his teeth were pulled by mistake because there were two inmates with the last name of "Prince." It is well recognized that "negligent medical diagnoses or treatment, without more, do not constitute deliberate indifference." *Webb v. Hamidullah*, 281 Fed. Appx. 159, 166 (4th Cir.2008); *see also Sosebee v. Murphy*, 797 F.2d 179, 181 (4th Cir.1986) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *Soto v. Arpaio*, 2007 WL 2220511 at *6 (D. Ariz. Aug. 2, 2007) ("[E]ven assuming, arguendo, Plaintiff's allegations as true that Defendant filled the wrong tooth, at most, [Defendant's] actions were negligence."). As such, plaintiff has failed to state an Eighth Amendment claim or cause of action against defendants Unknown Bradshaw and Jane Doe, and the Court will dismiss this action against them. The dismissal will be without prejudice, so plaintiff may pursue his claims against these defendants in state court, if he chooses to do so.

**II. Defendants Robert Jerret and Tammy Anderson**

Plaintiff further alleges that, at some later date, he was transferred to NECC. He claims that, in 2014, defendants "Tammy Anderson and Doctor Robert Jerret determined that [he] would need a set of bottom dentures since the ones made at

ERDCC in Bonne Terre were faulty." Plaintiff alleges that Anderson and Jerret "insisted [he] would have to give them his personal dentures so they could send [them] out to be fitted to make new bottom dentures." According to plaintiff, defendants assured him nothing would happen "to his $3,000 personal teeth." Plaintiff claims that a month later, it was discovered that his "personal $3,000 teeth had been stolen" by Jerret and Anderson "for personal gain and profit." Apparently, defendants have not provided plaintiff with a new set of functional dentures, because he alleges that not having the dentures "cause and continue to cause [him] problems digesting his food," as well as numerous other physical issues, because he is "trying to chew his food without teeth or working dentures." Plaintiff claims that defendants' actions constitute deliberate indifference in violation of his Eighth Amendment rights.

### A. Individual Capacity Claims

Plaintiff's 42 U.S.C. § 1983 allegations against defendants Robert Jerret and Tammy Anderson in their individual capacities state a claim for Eighth Amendment violations, and therefore, the Court will order process to issue against them.

### B. Official Capacity Claims

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to defendants Robert Jerret and Tammy Anderson in their official capacities.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $75.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued upon the complaint as to defendants Robert Jerret and Tammy Anderson in their individual capacities only.

**IT IS FURTHER ORDERED** that defendants Robert Jerret and Tammy Anderson, in their individual capacities, shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure. *See* 42 U.S.C. § 1997e(g)(2).

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims are **DISMISSED** without prejudice. *See* 42 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendants Unknown Bradshaw and Jane Doe, the Clerk shall not cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (prisoner actions-standard).

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 12th day of April, 2016

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE